**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Antonio Kinloch, # 219914, ) | C/A No.: 2:15-cv-01742-MBS-MGB |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Antonio Kinloch ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against Defendant South Carolina Department of Corrections ("Defendant") pursuant to 42 U.S.C. § 1983.

**I. Factual and Procedural Background**

Plaintiff is an inmate in custody of Defendant, currently housed at the Lee Correctional Institution, and serving a life sentence for a murder conviction in the Court of General Sessions for Charleston County under Indictment No. 94-GS-10-3523. *See* ECF No. 9 at 1. At the time of the alleged events, Plaintiff was housed variously at Lee Correctional Institution, Lieber Correctional Institution, and Perry Correctional Institution. *See generally* ECF No. 1. Plaintiff complains that his constitutional rights were violated by the action and/or inaction of Defendant's employees related to Plaintiff's altercation with a correctional officer, his safety with other inmates, and his medical and mental health conditions. *Id*. Plaintiff argues that this behavior on the part of

Defendant's employees constituted "deliberate indifference" resulting in "cruel and unusual punishment" in violation of the Eighth Amendment to the Constitution. ECF No. 1 at 2.[1]

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02 (D.S.C.), the matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 (2012). The Magistrate Judge filed her Report and Recommendation on May 7, 2015. ECF No. 9. The Magistrate Judge determined that Defendant was not a proper party for suit because of immunity conferred by the Eleventh Amendment. *Id.* at 6. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without service of process. *Id.* at 7.

On May 28, 2015, Plaintiff filed objections to the Report and Recommendation. ECF No. 14. The court considers Plaintiff's objections to the Report and Recommendation below.[2]

---

[1] Plaintiff also contends that Defendant was grossly negligent. *See* ECF No. 1 at 10–11, ¶¶ 37, 40. Liberally construing Plaintiff's Complaint, Plaintiff appears to state a claim under the South Carolina Tort Claims Act ("SCTCA"). *See* ECF No. 1 at 5, 10–11, ¶¶ 2–5, 34–40. Specifically, S.C. Code Ann. § 15-78-60(25) provides that a governmental entity is liable for loss resulting from the supervision, protection, control, confinement, or custody of an inmate if conducted in a grossly negligent manner. To the extent Plaintiff alleges a state law cause of action pursuant to SCTCA, the court would have supplemental jurisdiction over the claim because it is part of the same case or controversy, arising from the common nucleus of operative fact, as Plaintiff's § 1983 claim. *See* 28 U.S.C. § 1367(a). However, because Plaintiff's § 1983 claim is summarily dismissed due to Defendant's immunity under the Eleventh Amendment, *infra* p. 3, the court declines jurisdiction over this claim and dismisses the same without prejudice. *See* 28 U.S.C. § 1367(c)(3).

[2] Plaintiff's first three objections are to the Magistrate Judge's summary of the facts as alleged in the Complaint. Plaintiff's Complaint, however, fails not because of any facts alleged therein, but because Plaintiff's chosen defendant is protected from suit by the Eleventh Amendment. The incorporation of the facts as alleged by Defendant in his objections to the Report and Recommendation does not change this result.

**II. Discussion**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

Plaintiff objects to the Magistrate Judge's conclusion that Defendant is immune from suit under the Eleventh Amendment. Plaintiff argues that the cases cited in the Report and Recommendation in support of this conclusion are irrelevant to his complaint, do not support dismissal, and are "frivolous to the facts of [his] case." ECF No. 14 at 4. "The Eleventh Amendment bars [suits against a State or its agencies] unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (citations omitted); *see also* U.S. Const. amend. XI. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Id*. Further, "[t]he State of South Carolina has not consented to suit in federal court." *See Curry v. South Carolina*, 518 F. Supp. 2d 661, 666 (D.S.C. 2007). The court concludes, therefore, that the South Carolina Department of Corrections, an agency of the State of South Carolina, has immunity pursuant to the Eleventh Amendment. *See id.*

### III. Conclusion

Based on the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. The court summarily **dismisses** Plaintiff's § 1983 claim without prejudice and without service of process.

**IT IS SO ORDERED**.

                                                s/ Margaret B. Seymour
                                                Margaret B. Seymour
                                                Senior United States District Judge

Columbia, S.C.
July 9, 2015